IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OLD REPUBLIC UNION INSURANCE COMPANY and (2) MANUFACTURERS ALLIANCE INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br>v.<br><br>(1) JIMMY C. BAKER, (2) CYNTHIA BAKER, and (3) INSGROUP, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　No. CIV-23-1007-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW the Plaintiffs, Old Republic Union Insurance Company ("ORUIC") and Manufacturers Alliance Insurance Company ("MAICO"), and petitions this Court to enter a declaration pursuant to 28 U.S.C. §2201, and for its claim against the Defendants, alleges and states as follows:

**PARTIES**

1.  Plaintiff, ORUIC, is a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois.

2.  Plaintiff, MAICO, is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania.

3.  Defendants, Jimmy C. Baker and Cynthia Baker (the "Bakers"), are citizens of the State of Oklahoma.

4.  Defendant, Insgroup, Inc. ("Insgroup"), is organized under the laws of Texas and maintains its principal place of business in Texas.

## JURISDICTION AND VENUE

5. This action is brought, in part, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq. ORUIC and MAICO seek a declaration regarding the extent of their respective duties under auto liability policies issued to non-party, Aquino Logistics, LLC ("Aquino"), in connection with the underlying *Baker* action, described *infra*.

6. An actual case or controversy exists between the parties, as this matter presents a real and substantial dispute over tangible interests under insurance policies.

7. This Court has subject matter jurisdiction in this matter because: (1) diversity of citizenship exists among all plaintiffs (Illinois and Pennsylvania citizens) and all defendants (Oklahoma and Texas citizens), and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over all defendants because of their respective contacts with Oklahoma, both relative to, and independent of, the matters that give rise to this lawsuit.

9. Venue exists under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim (i.e., the policy delivery and the underlying incident and litigation) occurred in this District.

## The ORUIC and MAICO Policies

10. Aquino is a trucking company that carries freight and operates out of Oklahoma.

11. In 2019, Aquino, through its broker, defendant INS Group, Inc., sought

auto liability coverage from ORUIC and MAICO.

12. Aquino was provided with two complementary (and non-overlapping) auto liability policies—both for the period July 5, 2019, through July 5, 2020.

13. ORUIC issued a Commercial Business Auto Policy, bearing policy no. ORABHN001015-00, (the "ORUIC Policy") to Aquino for the policy period from July 5, 2019, to July 5, 2020. A copy of the ORUIC Policy is attached hereto as Exhibit "1."

14. The ORUIC Policy provided "Hired and Non-Owned Auto" coverage only. This coverage did not extend to owned autos.

15. MAICO issued a Commercial Business Auto Policy, bearing policy no. 151901-10-95-72-8, (the "MAICO Policy") to Aquino for the policy period from July 5, 2019 to July 5, 2020. A copy of the MAICO Policy is attached hereto as Exhibit "2."

16. The MAICO Policy covered those autos owned by Aquino and scheduled on the MAICO Policy. Specifically, the MAICO Policy's coverage was limited to:

> Specifically Described "Autos"
>
> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any ""trailers" you don't own while attached to any power unit described in Item Three).

17. By endorsement, coverage under the MAICO Policy was further extended to temporary replacement vehicles for scheduled autos while scheduled autos received repairs or service.

18. The ORUIC and MAICO Policies are both primary policies, and their complementary nature (one covering scheduled vehicles and one covering hired and non-

owned autos) is clear from both the terms of the policies and the context of the transactions (*i.e.,* why would Aquino purchase duplicate primary coverage on any vehicle?).

19. For its part, Aquino never challenged that the respective ORUIC and MAICO policies were meant to cover different types of vehicles—owned and scheduled autos on the one hand, and non-owned and not scheduled autos on the other hand.

## The Underlying Lawsuit

20. On May 2, 2022, the Bakers filed suit against Aquino, and others in the District Court of Clevland County, State of Oklahoma—No. CJ-2022-512 (the "Underlying Action").

21. In the Underlying Action, the Bakers allege that, on May 25, 2020, the vehicle that they occupied was struck by a vehicle operated by David Brassfield. The Bakers further allege that Brassfield was an agent of Aquino.

22. Because the vehicle operated by Brassfield was not scheduled on the MAICO Policy, but rather was "hired and non-owned," ORUIC provided coverage under its policy.

23. To date, no person has suggested that the *actual terms* of the MAICO Policy afford coverage upon the non-owned and non-scheduled leased vehicle. Nor has any person suggested that the complementary "hired and non-owned" ORUIC Policy does not apply.

24. However, counsel for the Bakers has pointed out that a certificate of insurance issued to Avis by Insgroup (Aquino's broker) states that Aquino has $1 million

4

in scheduled auto coverage and $1 million in hired and non-owned auto coverage under the MAICO Policy. *See* Exhibit "3".

25. Counsel for the Bakers argues that this proves that the MAICO "Scheduled Autos Only" Policy also provides non-owned, non-scheduled auto coverage (despite the Policy's own express language to the contrary).

26. The shortcomings of that argument are obvious. First, that is not what the MAICO Policy says.

27. Second, the certificate of insurance was not issued by MAICO or its agent, but rather was issued by Aquino's broker—defendant Insgroup.

28. Third, the certificate of insurance states:

**THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZEDREPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER,**

29. Fourth, the certificate *accurately indicates* that there is $1 million in (both owned and non-owned) coverage available to Aquino. The fact that Insgroup apparently failed to carefully differentiate which insurer covered which risk is of no consequence to the certificate's accurate description of the extent of the coverage available—*i.e.,* the amount of coverage available for this accident precisely tracks the certificate.

30. Fifth, the Bakers are not the "certificate holder," and could not have relied upon the certificate in any manner.

31. The Bakers reached a settlement with Aquino, whereunder the Bakers are now the real parties in interest with regard to Aquino's liabilities that the Bakers assert are covered under the MAICO Policy.

## COUNT I
### (Declaratory Judgment)

32. The averments set forth above are incorporated by reference.

33. The ORUIC Policy covers hired and non-owned autos. Conversely, only the MAICO Policy covers owned and scheduled autos. These complementary policies were intended to cover Aquino's auto related liabilities without overlap—and they do not overlap in connection with the *Baker* suit.

34. The certificates of insurance relied upon by the Bakers' counsel were not issued by MAICO or on its behalf. Moreover, the certificates expressly indicate that they convey no rights, and do not alter the coverages provided under any policy. Still further, the certificates accurately reflect that Aquino had $1 million in hired and non-owned auto coverage and $1 million in owned and scheduled auto coverage.

35. For all these reasons, ORUIC and MAICO seek a declaration that, as respects the *Baker* claim, the ORUIC Policy provides $1 million in potentially applicable limits and the MAICO Policy is inapplicable.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court make a binding declaration that the MAICO policy does not provide coverage to Aquino, or to any other person or entity, for any claims made in the lawsuit captioned *Jimmy C. Baker, et al. v. Amazon.com, Inc., et al.* Case No. CJ-2022-512 (Cleveland County, Oklahoma).

## COUNT II
### (Pleaded in the Alternative Only—Negligence by Insgroup)

36. The averments set forth above are incorporated by reference.

37. If Insgroup bound MAICO to provide coverage beyond the scope of its Policy, a conclusion that MAICO refutes, Insgroup breached a duty of care to MAICO causing damages in the amount of coverage provided under the MAICO Policy.

WHEREFORE, Plaintiffs respectfully request that, in the event this Honorable concludes that the MAICO policy provides coverage to Aquino, or to any other person or entity, for any claims made in the lawsuit captioned *Jimmy C. Baker, et al. v. Amazon.com, Inc., et al.* Case No. CJ-2022-512 (Cleveland County, Oklahoma), Insgroup must indemnify MAICO for its obligations and expenses.

                                         Respectfully submitted,

                                         /s/ Daniel E. Gomez
                                         Daniel E. Gomez, Okla. Bar No. 22153
                                         CONNER & WINTERS, LLP
                                         4100 First Place Tower
                                         15 East 5th Street
                                         Tulsa, OK  74103
                                         Phone: (918) 586-8984
                                         Email: dgomez@cwlaw.com

Dated: November 7, 2023            *Attorneys for Plaintiffs, Old Republic Union Insurance Company and Manufacturers Alliance Insurance Company*