IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY; | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-1007-SLP ) |
| JIMMY C. BAKER; CYNTHIA BAKER; and INSGROUP, INC., | ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court is the Motion to Stay Discovery [Doc. No. 12] filed by Plaintiff, Manufacturers Alliance Insurance Company ("Manufacturers Alliance"), along with its Brief in Support [Doc. No. 14].[1] Defendants Jimmy C. Baker and Cynthia Baker (the "Bakers") have responded [Doc. No. 18], and Manufacturers Alliance has replied [Doc. No. 22]. For the reasons that follow, the Motion is DENIED.

Manufacturers Alliance asks the Court to stay all discovery in this action, including initial disclosures, and set a briefing schedule for dispositive motions due to "the purely legal and straightforward nature of the issue presented in this case." Brief [Doc. No. 14] at 10. As noted, the brief in support is identical to Manufacturers Alliance's Response to the Bakers Motion to Dismiss Old Republic [Doc. No. 13], and most of the argument is

---

[1] Manufacturers' Alliance's Brief in Support is identical to its Response to the Bakers' Motion to Dismiss Old Republic [Doc. No. 13].

directed toward that issue and the merits more broadly. *See* [Doc. No. 14]. In a footnote on the very last page, however, Manufacturers Alliance asks the Court to exercise its "discretion to issue a stay pending the outcome of a dispositive motion." *Id.* at 10.

Whether to grant a stay of discovery is a matter of the Court's discretion. *See, e.g., Sanchez v. Chu*, No. CIV-13-0656 MCA/KBM, 2013 WL 12316864 at *1 (D.N.M. Dec. 17, 2013). Factors the court may consider include: "(1) the interest of the [non-moving party] in proceeding expeditiously with discovery and the potential prejudice to the [party] of a delay; (2) the burden on the [the moving party] of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in proceeding with discovery." *Id.* (internal quotation marks and citations omitted).

Manufacturers Alliance has not shown a stay of discovery is warranted. Most importantly, it has not claimed any burden associated with initial disclosures or any other discovery. Instead, as the Bakers point out, the primary basis for a stay appears to be Manufacturers Alliance's belief that it will prevail on its declaratory judgment claim. Even if it is correct, however, there are multiple other claims at issue, including the Bakers' counterclaims and their crossclaim.[2] The Bakers explain in detail why they need discovery from parties and nonparties regarding the factual circumstances surrounding their

---

[2] In its Reply, filed after the Bakers asserted their counterclaims [Doc. No. 17], but before it moved to dismiss two of those counterclaims [Doc. No. 23], Manufacturers Alliance asserted it would move to dismiss those claims, such that all "dispositive issues will be before the Court." [Doc. No. 22]. But it did not move to dismiss all counterclaims asserted by the Bakers, and the Court denied its Motion as to the Bakers' equitable estoppel claim. Accordingly, multiple counterclaims remain pending.

counterclaims, including, for example, circumstances related to the Certificates of Insurance from Defendant InsGroup, Inc.  Resp. [Doc. No. 18] at 7-13.[3]

Moreover, given the other claims at issue, it has not been shown that this action would be finally concluded as a result of a ruling on Manufacturers Alliance's declaratory judgment claim.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (recognizing a stay is particularly appropriate "where the case is likely to be finally concluded as a result of the ruling" on a dispositive motion, and "where the facts sought through uncompleted discovery would not affect the resolution of the motion."); *Sanchez*, 2013 WL 12316864, at *2 (denying a motion to stay because the dispositive motion on file was "not necessarily dispositive of all issues in this case.").

Finally, although neither party has discussed convenience to the Court associated with a stay, the Court has confidence that the parties will be cooperative in discovery and avoid unnecessary disputes, particularly due to the relatively straightforward nature of this action.  As such, there is no reason to believe discovery will be complex or inconvenient to the Court.

For all these reasons, Manufacturers Alliance's Motion to Stay Discovery [Doc. No. 12] is DENIED.

---

[3] The lone case Manufacturers Alliance quotes involved a stay of discovery pending summary judgment after some discovery had already occurred.  *See Terry v. Health Care Serv. Corp.*, No. CIV-18-0415-C, 2019 WL 885923, at *1 (W.D. Okla. Feb. 22, 2019) (granting a stay because "Plaintiffs do not indicate that any *further* discovery is necessary").  This case is at an entirely different procedural posture because it is at the pleading stage and no discovery whatsoever has been exchanged.  Accordingly, Manufacturers Alliance's request is less about staying discovery than preventing it altogether.

IT IS SO ORDERED this 6th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE