## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MANUFACTURERS ALLIANCE | ) | |
| INSURANCE COMPANY; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-1007-SLP |
| | ) | |
| JIMMY C. BAKER; | ) | |
| CYNTHIA BAKER; and | ) | |
| INSGROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court are two related Motions: (1) a Motion to Quash and Motion for Protective Order filed by Non-Party Aquino Logistics, LLC [Doc. No. 29]; and (2) Defendants Jimmy C. Baker and Cynthia Baker's Motion to Compel, Sanction, and/or Hold Aquino Logistics LLC in Contempt of Court [Doc. No. 35], along with their Brief in Support [Doc. No. 36].[1]  Aquino filed a "Reply" (i.e., response) to the Bakers' Motion to Compel [Doc. No. 37], and the Bakers filed a Reply [Doc. No. 38] in support of their Motion.  The matter is fully briefed and ready for determination.

## I.  **Background**

Plaintiff, Manufacturers Alliance Insurance Company, filed this action seeking a declaratory judgment regarding coverage under a commercial automobile insurance policy

---

[1] The Bakers filed their substantive arguments twice: once as a Response to Aquino's motion, *see* [Doc. No. 34], and again as their Brief in Support [Doc. No. 36].  For ease of reference, and because they are duplicative, the Court cites to the Brief in Support [Doc. No. 36].

it issued to Aquino in connection with an underlying state court action filed by the Bakers. The underlying action centered on an automobile collision between the Bakers and an Aquino delivery van driver. The Bakers entered into a settlement agreement with Aquino in the state court action whereby Aquino assigned any claim for coverage under the Manufacturers Alliance policy to the Bakers.[2]

As fully explained in prior Orders, [Doc. Nos. 31, 32], the Bakers allege Aquino was a "Delivery Service Partner" with nonparty Amazon, which was a program where companies could obtain discounted rental vehicles for deliveries. As part of that program, Manufacturers Alliance sold automobile insurance policies through "producers" such as Defendant InsGroup, Inc., including the one it issued to Aquino. As set forth in the Court's prior Order [Doc. No. 32], the policy Manufacturers Alliance issued to Aquino covered

---

[2] Although not briefed or otherwise developed by any party, counsel for the Bakers stated in the Joint Status Report that the Court "may lack subject matter jurisdiction as a result of 28 U.S.C. § 1332(c)(1)(A)." [Doc. No. 42] at 2. That subsection provides, in pertinent part: "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen. . ." 28 U.S.C. § 1332(c)(1)(A). That subsection has no application here, therefore the ordinary principles of diversity jurisdiction apply, and the Court has subject matter jurisdiction. *See Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 9 (1989) ("The language of [§1332(c)(1)(A)] could not be more clear. It applies only to actions *against* insurers; it does not mention actions *by* insurers."); *Gateway Residences at Exch., LLC v. Illinois Union Ins. Co.*, 917 F.3d 269, 272 (4th Cir. 2019) ("[T]he unanimous understanding of our sister circuits has been that 'direct action' as used in § 1332(c) has a much narrower meaning. . . [I]t refers to a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." (collecting cases)); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988) ("Such an action is not one by an insured against his own carrier to resolve coverage issues, and it is not one brought by the carrier itself to resolve coverage or other issues, regardless of the defendant.").

only "scheduled" automobiles, meaning those listed on the policy. *See id.* at 6-7.[3]

Aquino rented the delivery van involved in the accident with the Bakers through nonparty Avis Budget. To rent a vehicle, Avis Budget required Aquino to provide proof of insurance covering "any auto," "hired autos," or "non-owned autos," and proof of coverage for "all vehicles leased, rented, or supplied as a substitute or as an additional vehicle to the Named Insured." In April of 2020, InsGroup provided a Certificate of Insurance to Avis Budget that wrongly stated the policy issued by Manufacturers Alliance to Aquino covered rented vehicles like the one involved in the accident with the Bakers, when in fact such vehicles were instead covered under Aquino's policy with nonparty Old Republic Union Insurance Company. That misstatement on the Certificate of Insurance is the focus of the Bakers' counterclaims.

The Bakers originally asserted counterclaims against Manufacturers Alliance for breach of contract, equitable estoppel, reformation, a declaratory judgment, and potentially "deceptive and unfair acts or practices." *See* Ans. [Doc. No. 17] at 18-19. The Court granted Manufacturers Alliance's Motion to Dismiss the Bakers' breach of contract claim because its policy only covered "scheduled" vehicles owned by Aquino, which did not include the rental vehicle involved in the accident with the Bakers, and they were unable to show otherwise. *See* [Doc. No. 32] at 6-8. However, the Court denied Manufacturers Alliance's request to dismiss the equitable estoppel claim, finding the Bakers "alleged

---

[3] Aquino had another insurance policy with nonparty Old Republic Union Insurance Company that covered "hired and non-owned autos" like a rental vehicle. *See* Order [Doc. No. 31] at 2. Old Republic provided coverage for the accident involving the Bakers and has paid them pursuant to the settlement agreement in the state court action. *Id.* at 2-4.

sufficient facts to support a plausible claim for equitable estoppel." *Id.* at 9-12.

While the Motions to Dismiss were pending, the Bakers issued their Subpoenas Duces Tecum to Aquino and its owner, Scott Aquino. [Doc. Nos. 36-1, 36-2].[4]  In the Subpoenas, the Bakers seek production of three categories of documents which can be summarized as follows:

1. Emails, texts, Amazon Delivery Service Partner Portal Messages, and any other digital communication between Aquino and Amazon, Avis Budget, or any insurance company, adjuster, agent, or producer regarding Aquino getting insurance in 2019 and 2020 as a Delivery Service Partner;

2. Aquino's applications for automobile insurance in 2019 in connection with the Amazon Delivery Service Partner program;

3. Emails, texts, Amazon Delivery Service Partner Portal Messages, and any other digital communication between Aquino and Amazon, Avis Budget, or any insurance company, adjuster, agent, or producer regarding the Certificates of Insurance, the Baker collision on May 25, 2020, and claims, demands, coverage letters, and reservation of rights letters.

*See* [Doc. Nos. 36-1, 36-2].  On the date production was due, Aquino filed its Motion to Quash [Doc. No. 29].[5]  Although somewhat difficult to discern, Aquino appears to initially state it produced all the documents it has in the underlying state court action, and any additional discovery would be unduly burdensome or expensive.  *See* [Doc. No. 29].

According to the Bakers, two weeks later, Aquino's counsel produced a "document

---

[4] The Bakers failed to file their Subpoenas in compliance with LCvR45.1(a), but Aquino raises no issue regarding the timing of the Subpoenas.  Nor did Aquino object to the Bakers' violation of LCvR26.3(a), which provides: "if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case."

[5] The Court refers to Aquino Logistics, LLC and Scott Aquino collectively, as the parties do not distinguish between the two in their briefing.

4

dump" of nonresponsive documents. *See* [Doc. No. 36] at 5. The Bakers summarize categories of nonresponsive documents, including: (1) insurance policies that do not involve Manufacturers Alliance and where Amazon (not Aquino) is the named insured; (2) title documents and rental agreements for the subject vehicle; and (3) insurance documents regarding coverage for years after the Bakers' accident. [Doc. No. 36] at 5-7. The Bakers maintain Aquino still failed to produce any documents responsive to the three categories summarized above. *Id.* at 7-8. They further contend Aquino has failed to submit evidence in the form of an affidavit or other proof showing the discovery sought is unduly burdensome. *See* [Doc. No. 36] at 9-11; *see also* [Doc. No. 38] at 1-9.

## II.    <u>Governing Standard</u>

A subpoena may command "each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). It is well-settled "that the scope of discovery under a [Rule 45] subpoena is the same as the scope of discovery under Rule 26(b)[.]" *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003); *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-0022-CVE-TLW, 2017 WL 3579211, at *1 (N.D. Okla. Aug. 18, 2017) (same).

A court may quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). The question of undue burden "is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Goodyear Tire*, 211 F.R.D. at 662 (quoting

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y.1996)). "The burden is on the moving party to establish grounds for quashing a subpoena." *Shutrump*, 2017 WL 3579211, at *1; *see also Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005) ("The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be protected.").

## III. Discussion

In response to the Bakers' Motion, Aquino primarily asserts any communications it had with Amazon were performed through the "Amazon Delivery Service Partner Portal," therefore the documents requested in the first and third categories of the Subpoenas are not within Aquino's possession, custody, or control. [Doc. No. 37] at 2-5. As the Bakers point out, however, the requests are broader than just communications in the Amazon Portal, and Aquino offers no explanation regarding a significant portion of the documents requested: emails and text messages with Avis Budget, Manufacturers Alliance, InsGroup, or other related actors. In support of their argument that Aquino has responsive documents outside the Amazon Portal, the Bakers attach an example of an email chain between Mr. Aquino and representatives if InsGroup and Avis Budget. *See* [Doc. No. 38-1].

Aquino has not, in any way, met its burden to show it would be unduly burdensome to produce emails, texts, or other digital communications outside the Amazon Portal. *See United States v. Childs*, No. CR-09-146-D, 2018 WL 775018, at *3 (W.D. Okla. Feb. 7, 2018) (Generally, "the party seeking a protective order based on undue burden or expense must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense." (quoting *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533,

537 (D. Kan. 2003))).  Nor does Aquino expressly state that it does not have such documents outside the Amazon Portal.  *See* [Doc. No. 37] at 2-7.  Accordingly, the Bakers' Motion to Compel is granted as to the documents in the first and third categories not found in the Amazon Portal, and that aspect of the Motion to Quash is denied.[6]

The communications within the Amazon Portal involve an issue of "control" under Rule 45(a)(1)(A)(iii).  The Bakers argue the messages are within Aquino's control "by virtue of some authority or relationship" between it and Amazon.  *See* [Doc. No. 36] at 10; [Doc. No. 38] at 1-2.  Courts have found documents are within a party's "control" if the party has "the legal right to obtain the documents on demand."  *Choctaw Town Square, LLC v. Kokh Licensee, LLC*, No. CIV-13-1246-F, 2015 WL 11661752, at *2 (W.D. Okla. Mar. 27, 2015); *see also Kickapoo Tribe of Indians of Kickapoo Reservation in Kan. v. Nemaha Brown Watershed Joint Dist. No. 7*, 294 F.R.D. 610, 613 (D. Kan. 2013) (same). The Bakers have the burden to show the documents are within Aquino's control.  *See Choctaw Town Square*, 2015 WL 11661752 at *2 ("The Tenth Circuit has not defined 'control' for purposes of the production of documents but has stated that the party seeking production of the documents bears the burden of proving that the opposing party has control." (citing *Norman v. Young*, 422 F.2d 470, 472-473 (10th Cir. 1970)); *see also Barron v. Nat'l Health Ins. Co*., No. CIV-19-591-SLP, 2020 WL 9600579, at *1-2 (W.D.

---

[6] To the extent Aquino does not have any documents outside the Amazon Portal that are responsive to the first and third categories, it is directed to file an affidavit by Mr. Aquino demonstrating as much.  *Chichakli v. Samuels,* No. CV-15-687-D, 2017 WL 9988971, at *5 (W.D. Okla. Apr. 17, 2017) (ordering nonparties from whom discovery was sought to produce responsive documents, but "[i]f, in fact, no such documents are in their possession, custody or control, [they] shall submit an affidavit to the Court demonstrating the same.").

Okla. May 14, 2020) (denying a motion to compel because "Plaintiff has not met her burden regarding whether the requested information and documents are within Defendant's possession, custody, or control."); *Pipeline Prods., Inc. v. Madison Cos., LLC*, No. 15-4890-KHV, 2019 WL 1940282, at *6 (D. Kan. May 1, 2019) (same); *Boyd v. Hi Country Chevrolet*, No. CIV 10-602 RB/KBM, 2012 WL 13081437, at *1 (D.N.M. Feb. 28, 2012) (same).[7]

The Bakers have not met their burden to show the documents within the Amazon Portal are within Aquino's control. They vaguely allude to "some authority or relationship" between Aquino and Amazon, or that Aquino does have access to the documents via the Portal, *see* [Doc. No. 36] at 10; [Doc. No. 38] at 4, but they do not offer any details whatsoever to support their conclusory statements. On the other hand, Aquino's counsel repeatedly states, subject to Federal Rule of Civil Procedure 11(b), that Aquino "does not have access to any of these communications tied to the portal service." [Doc. No. 37] at 2. Counsel further states Aquino "does not have a relationship that allows for access to Amazon's servers." *Id.* at 4.[8] Moreover, the Bakers are not without recourse: as Aquino points out, they are free to subpoena the documents from Amazon. For all these

---

[7] Although some of the cases above are dealing with party discovery sought via Federal Rule of Civil Procedure 34, "[i]t is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34." *Goodyear Tire*, 211 F.R.D. at 662; *Shutrump*, 2017 WL 3579211 at *1 (same).

[8] The Bakers argue Aquino failed to submit an affidavit or other evidence to support an objection based on undue burden, *see* [Doc. No. 36] at 9; [Doc. No. 38] at 2, but the question as to the documents in the Amazon Portal is squarely one of "control," which the Bakers have the burden to show. *Choctaw Town Square*, 2015 WL 11661752, at *2.

reasons, the Bakers' Motion to Compel is denied as to the documents sought within the Amazon Delivery Service Partner Portal.

The Court turns to the second category of documents requested: 2019 applications for automobile insurance for Aquino's participation as an Amazon Delivery Service Partner.  The Bakers and Aquino devote little attention to this category, and Aquino's counsel states that Aquino only has insurance policies, not any applications.  [Doc. No. 37] at 6.  Accordingly, there is nothing for it to produce, and this aspect of the Bakers' Motion to Compel is denied.[9]

Finally, the Bakers ask the Court to "punish Aquino for [c]ontempt and/or also grant [their] attorney fees" due to Aquino's "bad faith attempt to obstruct and obfuscate proper discovery."  [Doc. No. 36] at 11.  The Bakers cite no authority whatsoever in support of their request for sanctions, nor do they explain why "[c]ontempt" is proper under the circumstances, or even what type of contempt they seek.  In any event, because the Court grants in part and denies in part both Motions, sanctions are inappropriate, and the parties should bear their own costs and attorney's fees.

IV.    **Conclusion**

IT IS THEREFORE ORDERED that Aquino's Motion to Quash and Motion for Protective Order [Doc. No. 29] and the Bakers' Motion to Compel, Sanction, and/or Hold

---

[9]  Again, the Bakers assert Aquino has not submitted evidence that it does not have the documents requested, but the authority they cite relates only to a claim of undue burden.  *See* [Doc. No. 38] at 2.  Although Aquino mentions undue burden, its fundamental response is that it does not have applications for insurance, and its counsel makes that representation subject to Federal Rule of Civil Procedure 11(b).

Aquino in Contempt of Court [Doc. No. 35] are GRANTED IN PART and DENIED IN PART as set forth herein.  With the exception of communications in the Amazon Delivery Service Partner Portal, Aquino is ordered to either produce all documents responsive to the Bakers' first and third requests, or provide an affidavit from Mr. Aquino demonstrating that it does not have any such documents, within 14 days of the date of this Order.

IT IS SO ORDERED this 28th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE